J-S26024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER M. BRAME | : | |
| | : | |
| Appellant | : | No. 2662 EDA 2022 |

Appeal from the PCRA Order Entered September 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000904-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER M. BRAME | : | |
| | : | |
| Appellant | : | No. 2749 EDA 2022 |

Appeal from the PCRA Order Entered September 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000905-2019

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED NOVEMBER 14, 2023**

Chester M. Brame appeals *pro se* from the order denying his petition filed pursuant to the pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history are as follows: Brame was found guilty of various drug and related charges at two docket numbers that were tried together. On October 26, 2018, at No. 905-19, the Commonwealth charged

Brame with various drug charges, fleeing and eluding a pursuing police officer, and tampering with evidence. On January 5, 2019, at No. 904-19, the Commonwealth charged Brame with delivery of a controlled substance and related crimes.

On July 10, 2019, Brame filed an omnibus pre-trial motion at both dockets and the court scheduled an evidentiary hearing. On July 22, 2019, the trial court granted the Commonwealth's motion to consolidate the two dockets for trial.

At the hearing on September 12, 2019, Brame's counsel informed the court that he was only seeking the suppression of physical evidence as it related to the traffic stop and subsequent arrest of Brame in No. 905-19. *See* N.T., 9/12/19, at 15. On September 27, 2019, the trial court denied Brame's suppression motion.

On October 31, 2019, the trial court held a stipulated bench trial at both dockets. Prior to hearing the stipulated evidence, trial counsel and the trial court conducted a colloquy of Brame concerning both the waiver of a jury trial and proceeding by stipulated bench trial. The trial proceeded, and the court convicted Brame of multiple convictions at each docket. On January 9, 2020, the trial court sentenced Brame to an aggregate term of 6½ to 15 years of imprisonment.

Represented by new counsel at No. 905-2019, Brame appealed to this Court, claiming that the trial court erred in denying his suppression motion. He did not file an appeal for No. 904-2019. On September 15, 2020, we

rejected this claim and affirmed Brame's judgment of sentence, and, on March 30, 2021, our Supreme Court denied Brame's petition for allowance of appeal. *Commonwealth v. Brame*, 239 A.3d 1119 (Pa. Super. 2020), *appeal denied*, 251 A.3d 771 (Pa. 2021).

On May 10, 2021, Brame filed a *pro se* PCRA petition for No. 905-2019. The PCRA court appointed counsel ("first PCRA counsel"). On July 29, 2021, first PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 15, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Brame's petition without a hearing and granted PCRA counsel's petition to withdraw. Brame did not file a response. By order entered November 19, 2021, the PCRA court denied Brame's first petition.

On November 17, 2021, Brame filed a *pro se* "motion to modify and reduce sentence *nunc pro tunc*" for both dockets. The court treated this filing as a PCRA petition—the first petition for No. 904-19, and the second petition for No. 905-19. The PCRA court appointed counsel (second PCRA counsel). On May 10, 2022, second PCRA counsel filed an amended petition at both dockets. In this amended petition, Brame asserted claims of trial and appellate counsel's ineffectiveness.

On May 12, 2022, Brame filed a *pro se* PCRA petition for No. 905-19 only. Because he was represented by second PCRA counsel at this time,

pursuant to Pa.R.Crim.P. 576(A)(4), the county clerk of courts docketed the filing and forwarded it to second PCRA counsel.[1]

On August 3, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Brame's amended petition without a hearing. Second PCRA counsel filed a response on Brame's behalf. On September 12, 2022, Brame filed two *pro se* filings for only No. 905-19. In the first, he filed a response to the PCRA court's Rule 907 notice in which he asserted the ineffectiveness of second PCRA counsel. Brame's second filing consisted of a copy of a letter to second PCRA counsel in which he asked counsel to amend the petition to include a claim of trial counsel's ineffectiveness. Once again, the county clerk of courts docketed the filings and forwarded them to second PCRA counsel.

By order of court entered on September 23, 2022, the PCRA court denied Brame's amended petition at both dockets. On October 19, 2022, second PCRA counsel filed a notice of appeal at both docket numbers on Brame's behalf. The next day, however, second PCRA counsel filed a petition to withdraw as counsel at each docket due to Brame's indication that he wanted to proceed *pro se*. On October 24, 2022, filed a *pro se* notice of appeal, a *pro se* Pa.R.A.P. 1925(b) statement, and a *pro se* motion to remove second PCRA counsel and proceed *pro se* for No. 905-2019 only. Once again,

---

[1] In this petition, Brame raised claims involving second PCRA counsel's ineffectiveness.

- 4 -

the county clerk of courts docketed these filings and forwarded them to second PCRA counsel.

On November 3, 2022, the PCRA court scheduled a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Following this hearing, the PCRA court granted second PCRA counsel's petition to withdraw at each docket. The PCRA court also permitted Brame to proceed *pro se*. That same day, the PCRA court directed Brame to file a Rule 1925(b) statement at both dockets. Although Brame filed a timely statement for No. 905-19, he did not file one for No. 904-19. The PCRA court therefore found that all issues Brame raised at this docket were waived. On December 7, 2022, the PCRA court filed its Rule 1925(a) opinion for No. 905-19.[2]

Brame raises the following five issues on appeal:

> I.  Whether the PCRA court erred as a matter of law, when it dismissed [Brame's] timely filed PCRA petition without an evidentiary hearing, in response to [Brame's] September 3, 2022, 907 Notice to dismiss [his] *pro se* Response where [Brame] raised [second PCRA counsel's] ineffectiveness.
>
> II. Whether [second PCRA counsel] was ineffective as [a] matter of law, for failing to raise for PCRA review and to preserve for [appellate] review the [] meritorious issue of [the trial court's] error as a matter of law, when it failed to [ascertain] from [Brame] on the record, whether he was willing to consent and agree with [trial counsel's] requested stipulation to the elements of a formal [criminal] charge, where he

---

[2] On March 27, 2023, this Court quashed as duplicative the notice of appeal filed by second PCRA counsel. The next day, we consolidated these appeals *sua sponte*.

stipulated to information in the affidavit of probable cause as being true and correct, and for not fully explaining to [Brame], that a stipulated bench trial was the functional equivalent of a guilty plea.

III. Whether [second PCRA counsel] was ineffective as a matter of law, for failing to raise for PCRA review and to preserve for appellate review the meritorious issue of [trial counsel's] ineffectiveness for stipulating to the elements of a formal [criminal] charge, stipulating to information in the affidavit of probable cause as being true and correct, and for not fully explaining to [Brame], that a stipulated bench trial was the functional equivalent of a guilty plea.

IV. Whether [Brame] requests that permission be granted to supplement this Statement of [Errors] Complained of On Appeal, if necessary, once the notes of testimony from the relevant proceedings are obtained.

Brame's Brief at 6 (italics added; excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [*See* Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Before addressing the merits of Brame's issues, we must first determine if his appeal at No. 904-19 is properly before us. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Brame's judgment of sentence at No. 904-19 became final on February 10, 2020, thirty days after the time for filing a direct appeal to this Court expired.[3] Therefore, he had until February 10, 2021, to file a timely petition at this docket. Because Brame filed the petition at issue in November 2021, it is untimely, and Brame has not satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**. Thus, we do not have jurisdiction of that case,[4] and we will address Brame's remaining issues as they relate to No. 905-19 only.

In his first issue, Brame challenges the PCRA court's decision to dismiss his timely filed PCRA petition without a hearing because he raised second PCRA counsel's ineffectiveness in his *pro se* response to the court's Rule 907 notice. As noted above the county clerk of courts docketed the filing and forwarded his *pro se* response to second PCRA counsel. **See infra**. The PCRA court acknowledges that it did not consider the *pro se* filing. PCRA Court Opinion, 12/7/22, at 6. Nonetheless, as this issue depends on the merit of his

---

[3] Because the thirtieth day fell on a Sunday, Brame had until the following Monday to file his appeal with this Court. **See generally**, 1 Pa.C.S.A. § 1908.

[4] We also agree with the PCRA court that all of his claims involving No. 904-19 are waived because Brame did not comply with the court's order to file a Rule 1925(b) statement at this docket.

underlying layered ineffectiveness claim, which we resolve against him herein, we need not consider it further. **See infra**.

In his second and third issues, Brame raises a layered claim of the ineffectiveness of second PCRA counsel and trial counsel. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2022) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").[5] To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. **Id.** at 533.

---

[5] In support of this claim, Brame argues at length that the PCRA court never permitted first PCRA counsel to withdraw and, therefore his first PCRA petition remained pending. **See** Brame's Brief at 14-22. Our review of the record readily refutes these assertions.

In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id.**

In his second and third issues, Brame essentially argues that trial counsel was ineffective for agreeing to a stipulated bench trial, which was the "functional equivalent of a guilty plea," without consulting him. **See** Brame's Brief at 11.[6] This claim has no merit, as it is refuted by our review of the record. In its Rule 1925(a) opinion, the PCRA court cited, at length, from the colloquies in which Brame participated before the court agreed to proceed in the matter via a stipulated bench trial. **See** PCRA Court Opinion, 12/7/22, at 11-14.

The PCRA court then explained:

---

[6] In his second issue, Brame also alleges trial court erred when it failed to ascertain his consent to a stipulated bench trial. As the PCRA court acknowledged, this claim is waived. **See** PCRA Court Opinion, 12/7/22, at 17 (citing **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015).

[Brame] has not pled and proven, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation. The record reflects that at his bench trial [Brame] knowingly, intelligently and voluntarily agreed to a stipulated bench trial and waived his right to a jury trial in this case. [Brame] agreed to the facts that would be presented against him. He was extensively colloquied under oath by [trial counsel] and the court as to his decision to proceed by stipulated bench trial. [Brame] executed a written Bench Trial Stipulation colloquy and written waiver of Jury Trial. [Brame] was unwavering in his decision to proceed with a stipulated bench trial. [He] indicated that he understood what a stipulation meant. [Brame] was aware of the facts that the Commonwealth introduced at trial to support the charges against him, and he was aware and understood that he was unable to challenge those facts or set forth a defense to refute them. [Brame] stated that he was satisfied with [trial counsel] and he did not need more time to discuss anything with him. The record demonstrates that [Brame] was aware of the rights he was giving up when he entered into stipulated bench trial.

[Brame's] underlying claim that trial counsel was ineffective for stipulating to the elements of a formal criminal charge, stipulating to information in the affidavit of probable cause as being true and correct, and failing to explain to [him] "that a stipulated bench trial was the functional equivalent of a guilty plea" is not supported by the record and has no merit. [Brame cannot] establish the arguable merit prong of the ineffectiveness test as to trial counsel. It is important to note that this is [Brame's] second PCRA petition for this case. First PCRA counsel addressed this claim of ineffectiveness of trial counsel in the context of [Brame's] first PCRA petition. First PCRA counsel determined that this claim has no merit.

PCRA Court Opinion, 12/7/22, at 14-16.

Additionally, in a footnote, the PCRA court then cited first PCRA's

***Turner/Finley*** letter, and noted that counsel found the issue Brame now

raises to be meritless:

Counsel stated on p. 25 of his "no merit" letter: "You indicated that [trial counsel] stipulated to a bench trial on both cases in

- 11 -

front of the same Judge that denied your [suppression] motions. You indicate, 'I did not agree to that' but this simply is not backed by the evidence. You signed and initialed the Stipulated Bench Trial Colloquy. Exhibit 'H[.]' You signed the Waiver of Jury Trial Exhibit 'I' and you were extensively colloquied under oath[.] [The PCRA court] has ruled your bench trial choice was knowing, intelligent, and voluntary.

PCRA Court Opinion, 12/7/22, at 16 n.14.[7] The court then concluded:

[Brame's] claim of ineffective assistance of second PCRA counsel fails. Second PCRA counsel is not ineffective for failing to pursue a meritless claim. Accordingly, there were no genuine issues of material fact pertaining to second PCRA counsel's alleged ineffectiveness. The court exercised proper discretion in denying an evidentiary hearing on this issue.

*Id.* at 16.

Our review of the record supports the PCRA court's conclusion that Brame's layered ineffectiveness claim is meritless and there was no need for an evidentiary hearing. In his responses, Brame unequivocally testified that he agreed to a stipulated bench trial.[8]

Order affirmed.

---

[7] First PCRA counsel's ***Turner/Finley*** letter does not appear in the certified record. The Commonwealth contends that Brame did respond to counsel's letter by submitting a claim that first PCRA counsel was ineffective for failing to raise a layered ineffectiveness claim regarding his agreement to a stipulated bench trial. ***See*** Commonwealth's Brief at 18. We are unable to find such a filing in the certified record.

[8] We note that Brame's fourth issue regarding supplementing his Rule 1925(b) statement was not addressed by the PCRA court or Brame in his brief, and does not present an issue for appellate review.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/14/2023</u>